UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**CARRIE BOYSEN,**

   Plaintiff,

v.                                  No. 4:24-cv-00683-P

**TARGET CORPORATION,**

   Defendant.

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant Target Corporation's Motion to Dismiss Plaintiff Carrie Boysen's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 2. Upon consideration of the Motion, the Court finds that the motion should be **DENIED**.

## BACKGROUND

Plaintiff Carrie Boysen alleges that on December 15, 2023, she slipped on a liquid in the middle of the sidewalk while walking from a Target store to her vehicle, resulting in a fall that caused her serious bodily injuries. Plaintiff asserts that Defendant owned, controlled, and managed the property and that her injuries were caused by Defendant's failure to maintain safe premises. Specifically, Plaintiff claims that Defendant failed to maintain the pedestrian pathways in a reasonably safe manner, failed to warn of the dangerous condition, and failed to inspect and correct the hazardous condition in a timely manner. Upon removal to this Court, Target filed the present Motion to Dismiss under Rule 12(b)(6).

## LEGAL STANDARD

Rule 12(b)(6) allows a defendant to move to dismiss an action if the plaintiff fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). In evaluating a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Inclusive Cmtys. Project, Inc. v. Lincoln*

*Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986)). "Further, 'all questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor.'" *Id.* (quoting *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001)). However, courts are not bound to accept legal conclusions couched as factual allegations as true. *See In re Ondova Ltd.*, 914 F.3d 990, 993 (5th Cir. 2019) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The well-pleaded facts must permit the court to infer more than the mere possibility of misconduct. *See Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). That is, the complaint must allege enough facts to move the claim across the line from conceivable to plausible. *See Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining whether the plausibility standard has been met is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Iqbal*, 556 U.S. at 663–64).

## ANALYSIS

Defendant asserts that Plaintiff's negligence-based claims should be dismissed in accordance with Texas law. *See* ECF No. 3. It is undisputed that this is a diversity case in which Texas law governs. *See Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 195-96 (5th Cir. 2014) (per curiam). In applying Texas law, the Fifth Circuit has distinguished claims based on negligent activity and premises liability, noting that "negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010); *see also Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992).

In the present case, Plaintiff advances a premises liability theory of recovery for her injury. According to the complaint, Plaintiff slipped on a liquid that created a hazardous condition on the sidewalk. *See* ECF No. 1-3 at 2. Under Texas law, a premises liability claim involves the following elements:

> 1. Actual or constructive knowledge of some condition on the premises by the owner/operator;
>
> 2. That the condition posed an unreasonable risk of harm;
>
> 3. That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and
>
> 4. That the owner/operator's failure to use such care proximately caused the plaintiff's injuries.

*See Keetch*, 845 S.W.2d at 264; *McCarty v. Hillstone Restaurant Group, Inc.*, 864 F.3d 354, 358 (5th Cir. 2017).

The Texas Supreme Court has repeatedly declined to eliminate the distinction between premises liability and negligent activity claims, emphasizing that these are conceptually distinct theories of recovery. *See Keetch*, 845 S.W.2d at 264. Plaintiff's Complaint is concerned with a condition on the premises rather than an ongoing activity, as evidenced by her allegation that she slipped on a liquid substance on the sidewalk. *See* ECF No. 1-3 at 2. Nowhere in the Complaint does Plaintiff assert a claim for general negligence. *See generally id.*

As stated in *Austin v. Kroger*, a plaintiff "cannot pursue both a negligent activity and a premises defect theory of recovery based on the same injury." *Austin*, 746 F.3d at 197. Plaintiff has properly asserted a premises liability claim based on the alleged hazardous condition. *See generally* ECF No. 1-3. The complaint adequately alleges at this stage that Defendant had or should have had actual or constructive knowledge of the wet sidewalk, that the condition posed an unreasonable risk of harm, that Defendant failed to exercise reasonable care to reduce or eliminate the risk, and that this failure proximately caused Plaintiff's injuries. *Id.*

## CONCLUSION

For the reasons stated, the Court concludes that Plaintiff's premises liability claim is sufficiently pleaded to survive a motion to dismiss under Rule 12(b)(6) and the Court does not recognize a claim brought under a negligent activity cause of action. The facts as alleged in Plaintiff's Original Petition, if true, establish a plausible claim for relief under Texas premises liability law. Accordingly, Defendant Target Corporation's Motion to Dismiss is **DENIED**. The Court does want to

3

briefly note that a Motion of this light borders on frivolous. This Court is extremely busy and maintains a very fast paced docket.[1] Having to dedicate time to respond to Motions such as this slows the Court from being able to administer cases and motions with strong merit that equally deserve its full attention. The Court recommends the Parties review their obligations to this Court under *Dondi Props. Corp. v. Com. Sav. & Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988) (per curiam) before making any future filings or motions.

**SO ORDERED** on this **24th day of July 2024.**

Mark T. Pittman
UNITED STATED DISTRICT JUDGE

---

[1] In recent analysis performed by Judge O'Connor of the overall number of filings in the Fort Worth Division, Judge O'Connor determined that, on average, the Fort Worth Division handles 2-3 times the cases of the Dallas Division. *X Corp. v. Media Matters for Am.*, No. 4:23-CV01175-O, 2024 WL 1895255, at *7 (N.D. Tex. Apr. 26, 2024) (O'Connor, J.). Like Judge O'Connor in X Corp., the Court does not recite these statistics to complain, but rather to inform the Parties of the reasons the Court acts in the swift manner that it does.

4